**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES OF AMERICA,**                                                                 **PLAINTIFF**

**V.**                                               **NO. 2:05CR0024-WAP**

**RAYMONE DUVAL WINDLESS,**                                                    **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on Defendant's motion to withdraw his guilty plea. The Government has responded and this matter is ripe for review.

*A. Factual and Procedural Background*

On February 24, 2005, the Defendant was indicted for possession with intent to distribute in excess of five grams of crack cocaine. On May 18, 2005, with the assistance of counsel, Windless pled guilty to the one-count indictment. On October 25, 2005, after his objections to the presentence report were overruled, Windless was sentenced to 188 months imprisonment. Judgment was entered on November 7, 2005. Windless did not appeal his conviction or sentence but instead filed a motion to withdraw his guilty plea on December 13, 2005.[1]

In his motion, Windless argues that his attorney mislead him as to the length of his sentence; that his attorney failed to file a motion to suppress the evidence; and, that he was coerced by his attorney to accept the plea.[2] The Government counters that the guilty plea was knowing and voluntary as found by the court upon acceptance of the plea and Windless has not identified any justifiable basis for withdrawal.

---

[1] Windless also has a § 2255 motion pending before the court.

[2] These arguments and similar claims are contained in Windless' pending § 2255 motion.

### B. Standard for Review

A defendant does not have an absolute right to withdraw his guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Prior to sentencing, "the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 11(d)(2). The standard for withdrawal of a guilty plea after sentencing, however, is considerably more stringent. *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990). "A defendant seeking to withdraw a plea of guilty at the post-sentencing stage is obligated to show a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the demands of fair procedure." *Id.* at 311 (citations omitted). Further, a defendant is not entitled to an evidentiary hearing unless he has alleged sufficient facts which, if proven, would justify relief." *Powell*, 354 at 370.

### C. Discussion

In his motion to withdraw, Windless first asserts that his attorney "mislead" him as to the sentence that might be imposed. Windless' claim, however, is contradicted by the record. At the change of plea hearing, the court specifically asked, "Has anyone made any prediction or promise what sentence you would receive?" Plea Tr. 17:14-15. Windless responded, "No sir." Plea Tr. 17:16. The court further advised Windless that "the sentence imposed may be different from any estimate your attorney may have given you." Plea Tr. 14:20 to 15:1-2. Windless indicated that he understood. Plea Tr. 15:3. Significantly, the court also admonished Windless, "if . . . I impose [a] higher sentence, or any other sentence, you will not be allowed to withdraw your guilty plea." Plea Tr. 16:21-25.

Sworn statements in open court are entitled to a strong presumption of truthfulness. *United*

2

*States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001). His current claim of being mislead cannot be maintained in light of the court's statements at the hearing and Windless' acknowledgments in open court. He has not offered any proof or argument to rebut the presumption of veracity attached to his previous testimony.

Windless next argues that his attorney failed to file a motion to suppress and, thus, he should be allowed to withdraw his guilty plea. In his motion, Windless presumes that had his attorney pursued a motion to suppress the evidence and the charges against him would have been dismissed. A defendant is not allowed "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984).

Additionally, Windless' sworn statements contradict his current claims of ineffective assistance. During his change of plea hearing, the court asked, "Are you satisfied with your attorney's representation of you; that is, do you believe that he has competently represented your best interest in this matter?" Plea Tr. 5:2-4. Windless responded, "Yes, sir." Plea Tr. 5:5. The mere allegation of counsel's deficient performance does not overcome the great weight afforded statements at the plea colloquy. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

Windless last contends that he was coerced by his attorney to accept the plea agreement offered by the Government. Windless specifically states that his attorney used "threats to get me" plead guilty. Windless, however, never describes any such threats. Moreover, his claim, is again contradicted by his own statements at the plea hearing.

Windless stated at the hearing that no one threatened or forced him to plead guilty. Plea Tr. 11:17-19. He was given ample opportunity to express any dissatisfaction with his attorney's

3

performance or inform the court of any threats and coercive tactics. *See Frank v Blackburn*, 646 F.2d 873, 878-79 (5th Cir. 1980) *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (threats of additional charges or enhanced penalties are acceptable practices in plea negotiations and are not sufficient to undermine a voluntary plea). The court is not persuaded by Windless' post-sentencing "change of heart" on the matter. *See United States v. Rasmussen*, 642 F.2d 165, 166, 69 (5th Cir. 1981) (an assertion of innocence is not sufficient to contradict the defendant's sworn admission of guilt at a plea hearing). Furthermore, a defendant's "mere change of mind is insufficient to permit withdrawal of a guilty plea before sentencing, much less after sentencing." *Hoskins*, 910 F.2d at 311.[3]

*D. Conclusion*

For all the foregoing reasons, Windless' motion to withdraw will be denied. The claims neither singularly or collectively are sufficient to permit withdrawal of his guilty plea after the sentence has been imposed.

A separate order shall issue in accordance with this opinion.

This the 5th day of August, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] See *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998) discussing the more lenient standard of review and the factors applicable to withdrawal prior to the imposition of a sentence.